1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONNIE CHEROKEE BROWN,                    No.  2:20-cv-00167 CKD P

12                      Plaintiff,

13          v.                                   ORDER

14    K. PORTER, et al.,

15                      Defendants.

16

17          Plaintiff, a state prisoner appearing pro se, brings this civil rights action pursuant to 42

18    U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28

19    U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1        The court is required to screen complaints brought by prisoners seeking relief against a

2   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) &

6   (2).  Plaintiff's complaint (ECF No. 1) is before the court for screening.

7        The court finds that this case may proceed against defendant Porter for a deliberate

8   indifference claim arising under the Eighth Amendment.  With respect to the other defendants

9   identified in plaintiff's complaint, the facts alleged fail to state actionable claims.  Plaintiff has

10  two options:  1) he may proceed on the claim described above; or 2) make an attempt to cure the

11  deficiencies in his complaint with respect to the other defendants and claims in an amended

12  complaint.

13       If plaintiff decides to file an amended complaint, plaintiff should consider that in order to

14  state an actionable claim, plaintiff must demonstrate with specific allegations how the conditions

15  complained of have resulted in a deprivation of plaintiff's constitutional rights.

16       The treatment a prisoner receives in prison and the conditions under which the prisoner is

17  confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual

18  punishment.  Prison officials must provide prisoners with "food, clothing, shelter, sanitation,

19  medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

20  But conditions of confinement may be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S.

21  337, 347 (1981).

22       In order for a prison official to be held liable for alleged unconstitutional conditions of

23  confinement, the prisoner must allege facts that satisfy a two-prong test.  Peralta v. Dillard, 744

24  F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The first prong is an objective

25  prong, which requires that the deprivation be "sufficiently serious."  Lemire v. Cal. Dep't of Corr.

26  & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834).  In order to be

27  sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal

28  civilized measure of life's necessities."  Lemire at 1074.  The objective prong is not satisfied in

1   cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation,

2   medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting

3   Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).  "[R]outine discomfort inherent in the

4   prison setting" does not rise to the level of a constitutional violation.  Johnson v. Lewis, 217 F.3d

5   at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if

6   such deprivations are lengthy or ongoing").  Rather, extreme deprivations are required to make

7   out a conditions of confinement claim, and only those deprivations denying the minimal civilized

8   measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment

9   violation.  Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The

10  circumstances, nature, and duration of the deprivations are critical in determining whether the

11  conditions complained of are grave enough to form the basis of a viable Eighth Amendment

12  claim.  Johnson v. Lewis, 217 F.3d at 731.

13        The second prong focuses on the subjective intent of the prison official.  Peralta, 774 F.3d

14  at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The deliberate indifference standard

15  requires a showing that the prison official acted or failed to act despite the prison official's

16  knowledge of a substantial risk of serious harm to the prisoner.  Id. (citing Farmer, 511 U.S. at

17  842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991).  Mere

18  negligence on the part of the prison official is not sufficient to establish liability.  Farmer, 511

19  U.S. at 835.

20        In any amended complaint, plaintiff must allege in specific terms how each named

21  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

22  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

23  v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official

24  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

25  268 (9th Cir. 1982).

26        Finally, plaintiff is informed that if he elects to amend, the court cannot refer to a prior

27  pleading in order to make the amended complaint complete.  Local Rule 220 requires that an

28  amended complaint be complete in itself without reference to any prior pleading. This is because,

1    as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>,

2    375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

3    complaint no longer serves any function in the case.  Therefore, in an amended complaint, each

4    claim and the involvement of each defendant must be sufficiently alleged.

5            In accordance with the above, IT IS HEREBY ORDERED that

6    1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted; and

7    2.  Plaintiff is granted 21 days within which to complete and return the attached form

8    notifying the court whether he wants to proceed on a claim arising under the Eighth Amendment

9    against defendant Porter, or whether he wishes to file an amended complaint in an attempt to cure

10   the deficiencies in his original complaint.  If plaintiff does not return the form, this action will

11   proceed on the claim described above.

12   Dated:  April 15, 2020

13   _____
     CAROLYN K. DELANEY
14   UNITED STATES MAGISTRATE JUDGE

15

16

17   2/brown0167.op

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONNIE CHEROKEE BROWN,                    No.  2:20-cv-00167 CKD P

12              Plaintiff,

13        v.                                    PLAINTIFF'S NOTICE OF

14    K. PORTER, et al.,                        HOW TO PROCEED

15              Defendants.

16

17   Check **one**:

18   _____ Plaintiff wants to proceed immediately on an Eighth Amendment claim against defendant

19   Porter.

20   _____ Plaintiff wants time to file an amended complaint.

21

22   DATED:

23

24                                        _____

25                                        Plaintiff

26

27

28
                                          5