UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>K. PORTER, et al.,<br><br>  Defendants. | No.  2:20-cv-0167 CKD P<br><br>ORDER REFERRING CASE TO POST-SCREENING ADR PROJECT AND STAYING CASE FOR 120 DAYS |

Plaintiff is a state prisoner, proceeding without counsel. Defendant Porter has waived service of process. ECF No. 20.

The undersigned is referring all post-screening civil rights cases filed by pro se inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project. No defenses or objections shall be waived by their participation.

As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim. Thus, the court stays this action for a period of 120 days to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

There is a presumption that all post-screening civil rights cases assigned to the

undersigned will proceed to settlement conference.[1]  However, if after investigating plaintiff's claims and speaking with plaintiff, and after conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this pilot project.  A motion to opt out must be filed within sixty days of the date of this order.

Within thirty days, the assigned Deputy Attorney General shall contact the Courtroom Deputy, Judy Streeter, at (916) 930-4004, to schedule the settlement conference.  If difficulties arise in scheduling the settlement conference due to the court's calendar, the parties may seek an extension of the initial 120 day stay.

Once the settlement conference is scheduled, at least seven days prior to conference, the parties shall submit to the assigned settlement judge a confidential settlement conference statement.  The parties' confidential settlement conference statement shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case; and (f) any documents which have not already been filed with the court and which may be relevant to resolution of this case.

Also pending before the court are plaintiff's motions for summary judgment and for discovery.  ECF Nos. 18-19.  No discovery has occurred in this case.  Therefore, plaintiff's motion for summary judgment is premature and will be denied on that basis.  See Fed. R. Civ. P. 56(d)(3) (stating that a district court may issue any appropriate order concerning a pending summary judgment motion when the nonmoving party "cannot present facts essential to justify its opposition").

In his motion for discovery, plaintiff seeks to subpoena witnesses to an unscheduled court hearing.  ECF No. 19 at 1-2.  According to plaintiff, these witnesses were present for the events giving rise to the present civil action and would "benefit plaintiff's 1983 complaint."  ECF No. 19

---

[1]  If the case does not settle, the court will set a date for the filing of a responsive pleading.

at 2.  The court will deny plaintiff's motion for discovery as premature as there is no pending court hearing in this matter and witnesses are therefore unnecessary.  In the event that this case does not settle, the court will issue a further scheduling order governing discovery in this case after the stay is lifted.  Furthermore, plaintiff is advised that any discovery requests shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3 and 250.4.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is denied without prejudice as premature.

2. Plaintiff's motion for discovery (ECF No. 19) is also denied as premature.

3. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before a responsive pleading is filed, or the discovery process begins.  **Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action.  Plaintiff is warned against filing any motions with the court while this matter is stayed pending a settlement conference.**

4. Defendants shall file any motion to opt out of the Post-Screening ADR Project no more than sixty days from the date of this order.

5. Within thirty days from the date of this order, the assigned Deputy Attorney General shall contact this court's Courtroom Deputy, Judy Streeter, at (916) 930-4004, to schedule the settlement conference.

6. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the judge assigned for settlement.

7. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

/////
/////
/////
/////

8. The parties remain obligated to keep the court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

Dated: July 8, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow0167.adr.post.waiver.ckd